UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DOV LEVINE )
Stauffacherquai 58 )
8004 Zurich ) CASE NUMBER 1:05CV01163
Switzerland, )
) JUDGE: Rosemary M. Collyer
Plaintiff, )
) DECK TYPE: Employment Discrimination
v. )
) DATE STAMP: 06/09/2005
THE READER'S DIGEST ASSOCIATION, INC. )
Reader's Digest Road )
Pleasantville, NY 10570-7000, )
)
Defendant. )
)

## COMPLAINT FOR COMPENSATORY
## AND LIQUIDATED DAMAGES

### NATURE OF ACTION

1. This is an action seeking redress (a) for the violation of rights guaranteed to the plaintiff by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. and (b) for unlawful retaliation and interference with the plaintiff's contractual rights.

2. The plaintiff is a 59-year-old citizen of the United States who was employed as a Data Base Manager by the defendant in its office in Zurich, Switzerland. After 31 years of outstanding performance, his employment was suddenly terminated and he was replaced by a 25-year-old woman with minimal qualifications.

1

3. This action seeks monetary relief and all other appropriate relief to which the plaintiff is entitled under the Age Discrimination in Employment Act and under other applicable legal principles.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction of this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(c).

5. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 and under 28 U.S.C. § 1367(a).

6. The plaintiff has satisfied all conditions precedent to initiating this court action in that:

    a. The plaintiff timely filed charges of age discrimination with the Equal Employment Opportunity Commission;

    b. The agency issued a "right-to-sue" letter to the plaintiff dated March 14, 2005;

    c. The plaintiff has timely filed this action in this Court following receipt of the "right-to-sue" letter.

7. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(c).

## PARTIES

8. The plaintiff is and was at all relevant times a citizen of the United States.

9. Plaintiff was at all relevant times an "employee" within the meaning of Section 11(f) of the Age Discrimination in Employment Act of 1967, as amended by

Section 802(a) of the Older Americans Act Amendments of 1984, 29 U.S.C. § 630(f), 98 Stat. 1767.

10. The plaintiff resides at Stauffacherquai 58, 8004 Zurich, Switzerland.

11. At the time of his discharge by the defendant plaintiff was 57 years of age.

12. At all relevant times, defendant has been a Delaware corporation with headquarters in New York, and with subsidiaries and offices in many other countries across the world, including Switzerland. Defendant's headquarters are at Reader's Digest Road, Pleasantville, NY 10570-7000. Its Swiss subsidiary is named Das Beste aus Reader's Digest AG, and its Zurich office is located at Raffelstrasse 11, 8045 Zurich, Switzerland.

13. Defendant engages in business in the District of Columbia and maintains an office at 1730 Rhode Island Avenue Northwest, Washington, DC.

14. At all relevant times defendant has employed at least 500 employees world-wide and at least 20 employees at its Zurich, Switzerland, office.

15. Defendant is engaged in a business that affects commerce.

16. Defendant is an employer as defined by 29 U.S.C. § 630(b).

**FIRST CLAIM FOR RELIEF – AGE DISCRIMINATION**

17. Plaintiff received a Ph.D. in Operations Research from the New York University School of Engineering & Science in 1972.

18. Plaintiff was hired by the defendant as an Operations Research Specialist on October 2, 1972, and began working at defendant's office in Zurich, Switzerland, on November 1, 1972.

3

19. During the following 30 years, plaintiff received salary increases and bonuses.

20. Plaintiff was promoted in 1975 to become manager of the Operations Research Department and was promoted again in 1980.

21. During his career with defendant, plaintiff's activities became very diversified, including membership on an elite international committee that developed innovative statistical methodology for the corporation, intensive involvement as a consultant for smaller editions of Reader's Digest, occasional problem-solver for some of the larger editions, and trainer of personnel in statistical methodology.

22. Plaintiff's work as Data Base Manager in Zurich, Switzerland was repeatedly praised as outstanding.

23. Plaintiff's performance evaluations from 1972 to 2002 were uniformly excellent.

24. On January 13, 2003, plaintiff's immediate supervisor in Zurich wrote to him as follows (translated from German):

> Although your salary does not increase anymore as much as in earlier years (this for reasons of the course of the business and because you with your salary rate have reached the limits of what is possible), I don't want to refrain from thanking you cordially for your great commitment. In the last few weeks and months, you have, within the frame of special projects repeatedly given us huge support. It gives me enjoyment and enrichment to be allowed to work together with you.

25. On July 30, 2003, plaintiff received a memorandum from his supervisor stating (translated from German):

> For your performance and as a visible recognition for your commitment in this difficult year, I can announce for you a

4

bonus payment in the amount of Sfr. 5563. Payment will be effected with the August salary. Along with this special compensation, I would like to thank you for the work that you have performed until now and I also connect it with the confidence in your further personal commitment. This is all the more important as we are in a very difficult economic environment and desire to reach the goals that were set for the new fiscal year 04 that is already in progress.

26. Three months thereafter, on October 29, 2003, with no advance warning, plaintiff was suddenly given a letter purporting to discharge him from employment with defendant.

27. The new employee hired by defendant as a permanent replacement for plaintiff was 25 years old. Her salary was very significantly lower than plaintiff's.

28. The permanent replacement for plaintiff hired by defendant had no prior managerial experience.

29. On November 20, 2003, plaintiff's counsel advised defendant by letter that plaintiff is a United States citizen whose employment is protected by United States law against illegal discrimination notwithstanding the foreign location of the office where plaintiff was employed.

30. On November 26, 2003, defendant's Vice President and General Counsel responded to the letter from plaintiff's counsel and asserted that "[f]or quite some time, Dr. Levine's performance has not been satisfactory, and this assessment has been communicated to him numerous times (orally and in writing) during the past several years, and reflected in his compensation."

31. The above statement was false and contradicted the performance evaluations expressed by plaintiff's immediate supervisor quoted in Paragraphs 24 and 25. The reference in the above statement to plaintiff's compensation also contradicted

the memoranda quoted in Paragraph 24, which states that the plaintiff's salary had practically reached the limits of what is possible in his position. The memoranda cited in Paragraphs 24 and 25 point to "the course of the business" and the "very difficult economic environment" as factors for giving lower increases in compensation.

32. Defendant used the false allegation quoted in Paragraph 30 as a pretext for unlawful discrimination on the basis of age in discharging plaintiff.

33. Plaintiff's employment was terminated in knowing disregard of the requirements of the Age Discrimination in Employment Act.

34. The termination of plaintiff's employment was based on his age and was a willful violation of the Age Discrimination in Employment Act.

35. As a result of defendant's willful, intentional, and discriminatory acts described above, plaintiff has suffered damages in the form of lost wages, both in the past and future, lost benefits, both in the past and future, and lost pension benefits.

36. At his current age, plaintiff is unable to find other employment in any field related to the one in which he was employed for 31 years.

## SECOND CLAIM FOR RELIEF – UNLAWFUL RETALIATION

37. Plaintiff realleges and reaffirms the allegations set forth in Paragraphs 17 through 36.

38. On November 27, 2003, plaintiff signed an agreement with Das Beste aus Reader's Digest AG, defendant's Swiss subsidiary, providing for the immediate payment of 90,000 Swiss francs to plaintiff.

39. On December 5, 2003, defendant's Swiss subsidiary demanded in an English-language letter that plaintiff sign a "General Waiver and Release of Claims" in

which he would, *inter alia,* waive his right to claim that his dismissal was an act of harassment, bias or discrimination as a condition for receiving the payment that was due to him immediately from Das Beste aus Reader's Digest AG.

40.    Plaintiff refused to sign the proferred "Waiver."

41.    In retaliation for plaintiff's assertion of his rights under United States law, defendant has directed its subsidiary to withhold payment of the amount specified in the written agreement between plaintiff and Das Beste aus Reader's Digest AG.

42.    As a result of this unlawful retaliation, plaintiff was forced to initiate legal proceedings in a Swiss court against defendant's Swiss subsidiary.

43.    On May 24, 2004, a Swiss court entered the equivalent of summary judgment in plaintiff's favor.

44.    In order further to harass plaintiff and retaliate for his assertion of rights under United States law, defendant has directed its Swiss subsidiary to appeal from the judgment of the Swiss court.

45.    The above retaliation and harassment has caused the plaintiff to incur substantial financial obligations to Swiss counsel.

46.    Defendant's retaliation and harassment has caused serious emotional injury to plaintiff.

### THIRD CLAIM FOR RELIEF – INTERFERENCE WITH CONTRACT

47.    Plaintiff realleges and reaffirms the allegations set forth in Paragraphs 17 through 46.

48.    Defendant's acts in preventing Das Beste aus Reader's Digest AG from implementing the signed written agreement immediately to pay plaintiff Sfr 90,000 was

an unlawful interference with the contract relationship between plaintiff and Das Beste aus Reader's Digest AG.

49. Defendant has no legal privilege or right to interfere in this manner with the implementation of the written agreement between plaintiff and Das Beste aus Reader's Digest AG.

50. Defendant's conduct has unlawfully deprived plaintiff of the benefit of his contract and has forced plaintiff to incur attorneys' fees and other expenses.

## PRAYERS FOR RELIEF

Plaintiff requests that the Court assume jurisdiction and:

(1) Award compensatory damages to plaintiff in an amount of One Million Four Hundred Twenty Thousand Seven Hundred Sixty Two Swiss Francs (Sfr 1,420,762), which is a qualified economist's appraisal, based on generally accepted economic and statistical principles, of the economic loss caused by plaintiff's unlawful discharge and the amount required to compensate plaintiff for the financial damages caused by the unlawful discharge;

(2) Award liquidated damages in an additional amount of Sfr 1,420,762;

(3) Order that defendant direct its subsidiary Das Beste aus Reader's Digest AG pay forthwith the amount of Ninety Thousand Swiss Francs (Sfr 90,000) that is currently being unlawfully withheld from plaintiff on the instructions of defendant;

(4) Award compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000) for the emotional injury caused by the illegal harassment and retaliation described in paragraphs 37 through 46;

(5) Award punitive damages;

(6) Award plaintiff reasonable costs and attorneys' fees; and

(7) Grant such other and further relief as to this Court may seem just and proper.

### JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated: June 9, 2005

_____
NATHAN LEWIN (No. 38299)
ALYZA D. LEWIN (No. 445506)
**LEWIN & LEWIN, LLP**
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000
(202) 828-0909 fax

*Attorneys for Plaintiff*

9