UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dov Levine,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action: 1:05-cv-01163 (RMC)** |
| | ) |
| **The Reader's Digest Association, Inc.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ANSWER

Defendant The Reader's Digest Association, Inc. ("RDA"), by its attorneys,

Proskauer Rose LLP, for its Answer to the Complaint, alleges as follows:

1.      Denies the allegations set forth in Paragraph "1" of the Complaint, except

admits that Plaintiff purports to bring this action for the purposes set forth therein.

2.      Denies the allegations set forth in Paragraph "2" of the Complaint, except

admits that Plaintiff was employed by Das Beste aus Reader's Digest A.G. in Zurich,

Switzerland, for approximately 31 years, and further admits that he was employed as a Database

Manager at the time of his termination, and denies knowledge or information sufficient to form a

belief as to the truth of the allegations regarding Plaintiff's age and citizenship.

3.      Denies the allegations set forth in Paragraph "3" of the Complaint, except

admits that Plaintiff seeks the relief described therein.

4.      Denies the allegations set forth in Paragraph "4" of the Complaint.

5.      Denies the allegations set forth in Paragraph "5" of the Complaint.

6.      Denies the allegations set forth in Paragraph "6" of the Complaint, except

admits that:

1

(a) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC");

(b) The EEOC issued a Dismissal and Notice of Rights to Plaintiff dated March 15, 2005; and

(c) Plaintiff commenced this action on or about June 9, 2005.

7.      With respect to the allegations set forth in Paragraph "7" of the Complaint, admits that RDA resides within this judicial district within the meaning of 28 U.S.C. § 1391(c), but asserts that this action should be transferred to the United States District Court for the Southern District of New York.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9.      Denies the allegations set forth in Paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12.     Denies the allegations set forth in Paragraph "12" of the Complaint, except admits that RDA is a Delaware corporation with its principal place of business and corporate headquarters at Reader's Digest Road, Pleasantville, New York 10570-7000, and that Das Beste aus Reader's Digest A.G. is a subsidiary of RDA that maintains its principal place of business at Raffelstrasse 11, 8045 Zurich, Switzerland.

13.     Denies the allegations set forth in Paragraph "13" of the Complaint, except admits that RDA maintains an office in the District of Columbia that performs editorial

functions, and is located at 1730 Rhode Island Avenue Northwest, Suite 212, Washington, D.C. 20036.

14.     Denies the allegations set forth in Paragraph "14" of the Complaint, except admits that at the time of the termination of Plaintiff's employment with Das Beste aus Reader's Digest A.G., RDA had at least 500 employees and Das Beste aus Reader's Digest A.G. had at least 20 employees.

15.     Neither admits nor denies the allegations set forth in Paragraph "15" of the Complaint, as such allegations call for a legal conclusion and do not plead facts.

16.     Neither admits nor denies the allegations set forth in Paragraph "16" of the Complaint, as such allegations call for a legal conclusion and do not plead facts.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18.     Denies the allegations set forth in Paragraph "18" of the Complaint, except admits that Plaintiff was hired by Das Beste aus Reader's Digest A.G. in Zurich, Switzerland on or about October 2, 1972 and began working for Das Beste aus Reader's Digest A.G. in Zurich, Switzerland on or about November 1, 1972, and further admits that Plaintiff was hired as a "Mathematician for Statistics, Analyses (Discriminant and Regression Analyses), Calculations, and Projection Models and/or Coordination EDP."

19.     Denies the allegations set forth in Paragraph "19" of the Complaint, except admits that Plaintiff received periodic adjustments to his salary and bonuses.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint, except admits that Das Beste aus

3

Reader's Digest A.G. promoted Plaintiff on June 16, 1995 to Head of Operations Research effective July 1, 1995.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

22.     Denies the allegations set forth in Paragraph "22" of the Complaint.

23.     Denies the allegations set forth in Paragraph "23" of the Complaint.

24.     Denies the allegations set forth in Paragraph "24" of the Complaint, except to the extent Plaintiff purports to reference a letter from Tamara Mattiussi ("Mattiussi") to Plaintiff dated January 13, 2003, respectfully refers the Court to that letter for the contents thereof.

25.     Denies the allegations set forth in Paragraph "25" of the Complaint, except to the extent Plaintiff purports to reference a letter from Mattiussi to Plaintiff dated July 30, 2003, respectfully refers the Court to that letter for the contents thereof.

26.     Denies the allegations set forth in Paragraph "26" of the Complaint, except admits that Das Beste aus Reader's Digest A.G. sent a letter dated October 29, 2003 to Plaintiff stating that his employment with Das Beste aus Reader's Digest A.G. had been terminated.

27.     Denies the allegations set forth in Paragraph "27" of the Complaint, except admits that the replacement's salary was lower than Plaintiff's salary and that she was twenty-five years old at the time of her hiring.

28.     Admits the allegations set forth in Paragraph "28" of the Complaint.

29.     Denies the allegations set forth in Paragraph "29" of the Complaint, except to the extent Plaintiff purports to reference a letter from Nathan Lewin to Michael Brizel dated November 20, 2003, respectfully refers the Court to that letter for the contents thereof.

30.    Denies the allegations set forth in Paragraph "30" of the Complaint, except to the extent Plaintiff purports to reference a letter from Michael A. Brizel to Nathan Lewin dated November 26, 2003, respectfully refers the Court to that letter for the contents thereof.

31.    Denies the allegations set forth in Paragraph "31" of the Complaint, except to the extent Plaintiff purports to reference the letters described in Paragraphs 24 and 25 of the Complaint, respectfully refers the Court to those letters for the contents thereof, as set forth in Paragraphs 24 and 25 of this Answer.

32.    Denies the allegations set forth in Paragraph "32" of the Complaint.

33.    Denies the allegations set forth in Paragraph "33" of the Complaint.

34.    Denies the allegations set forth in Paragraph "34" of the Complaint.

35.    Denies the allegations set forth in Paragraph "35" of the Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint.

37.    With respect to the reallegation set forth in Paragraph "37" of the Complaint of the allegations set forth in Paragraphs "17" through "36" of the Complaint, repeats and realleges the answers set forth above.

38.    Denies the allegations set forth in Paragraph "38" of the Complaint, except to the extent Plaintiff purports to reference an alleged agreement with Das Beste aus Reader's Digest A.G., respectfully refers the Court to that document for the contents thereof.

39.    Denies the allegations set forth in Paragraph "39" of the Complaint, except to the extent Plaintiff purports to reference a letter from Mattiussi to Plaintiff dated December 5, 2003, respectfully refers the Court to that letter for the contents thereof.

40.     Denies the allegations set forth in Paragraph "40" of the Complaint, except admits that Plaintiff did not return a signed waiver to Das Beste aus Reader's Digest A.G.

41.     Denies the allegations set forth in Paragraph "41" of the Complaint.

42.     Denies the allegations set forth in Paragraph "42" of the Complaint, except admits that Plaintiff initiated legal proceedings in Switzerland against Das Beste aus Reader's Digest A.G.

43.     Denies the allegations set forth in Paragraph "43" of the Complaint, except admits that on or about May 24, 2004, a Swiss court issued a decision in the litigation Plaintiff had commenced against Das Beste aus Reader's Digest A.G.

44.     Denies the allegations set forth in Paragraph "44" of the Complaint, except admits that on or about June 21, 2005, a Swiss court reversed the decision referenced in Paragraph "43" above.

45.     Denies the allegations set forth in Paragraph "45" of the Complaint.

46.     Denies the allegations set forth in Paragraph "46" of the Complaint.

47.     With respect to the reallegation set forth in Paragraph "47" of the Complaint of the allegations set forth in Paragraphs "17" through "46" of the Complaint, repeats and realleges the answers set forth above.

48.     Denies the allegations set forth in Paragraph "48" of the Complaint.

49.     Neither admits nor denies the allegations set forth in Paragraph "49" of the Complaint, as such allegations call for a legal conclusion and do not plead facts.

50.     Denies the allegations set forth in Paragraph "50" of the Complaint.

51.     With respect to Plaintiff's PRAYERS FOR RELIEF, denies that Plaintiff is entitled to any of the relief demanded therein or any relief whatsoever.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

52.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

53.     Plaintiff's claims are barred, in whole or in part, because this court lacks subject matter jurisdiction over the claims Plaintiff purports to assert under the Age Discrimination in Employment Act.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or filing periods, and/or by Plaintiff's failure to satisfy administrative and procedural prerequisites for bringing suit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

55.     Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel, res judicata and/or the principles of comity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

56.     To the extent, if any, that Defendant engaged in conduct with respect to Plaintiff, (1) all actions by Defendant with respect to Plaintiff were lawful and were made in good faith compliance with applicable provisions of law, rules and regulations, and (2) all actions by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

57.     To the extent, if any, that Defendant engaged in conduct with respect to Plaintiff, and to the extent, if any, that Defendant was motivated in part by unlawful reasons

(which Defendant denies), it would have taken the same actions with respect to Plaintiff for lawful, non-discriminatory reasons.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

58.     On information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate his alleged damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

59.     The claims in the Complaint are barred, in whole or in part, as to any matters: (i) not contained in an administrative charge filed with the Equal Employment Opportunity Commission; (ii) for which no right to sue letter has been issued, and/or (iii) for which Plaintiff failed to exhaust administrative remedies.

WHEREFORE, Defendant respectfully demands judgment dismissing the Complaint with prejudice and awarding Defendant its costs and disbursements and reasonable attorney's fees, together with such other relief as this Court may deem just and proper.

Dated:  September 19, 2005

Respectfully submitted,

PROSKAUER ROSE LLP

By:  **/s/ Howard L. Ganz**
Howard L. Ganz (Admitted *Pro hac vice*)
Avitai Gold (Admitted *Pro hac vice*)
1585 Broadway
New York, New York 10036
(212) 969-3035

Stephanie L. Marn (D.C. Bar No. 467873)
1233 Twentieth Street, NW, Suite 800
Washington, DC  20036
Telephone:  (202) 416-6800

9

Attorneys for Defendant