UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dov Levine,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) Civil Action: 1:05-cv-01163 (RMC) <br> ) |
| **The Reader's Digest Association, Inc.,** | ) <br> ) |
| **Defendant.** | ) <br> ) |

### DEFENDANT'S MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Defendant The Reader's Digest Association, Inc. ("RDA") hereby moves the Court for an Order transferring this action to the United States District Court for the Southern District of New York because (1) the Southern District of New York is a district where this action might have been brought, (2) transfer to the Southern District of New York would serve the convenience of the parties and witnesses and be in the interest of justice, and (3) this action has no connection to this district.

Accordingly, and as set forth more fully in the accompanying Memorandum of Law, RDA respectfully requests that this Court enter an Order transferring this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

In accordance with Local Rule 7(m), before filing this motion, counsel discussed the anticipated motion with Plaintiff's counsel by telephoning Plaintiff's counsel on September 14, 2005, in a good-faith effort to determine whether there is any opposition to the relief sought and to narrow the areas of any disagreement. Plaintiff's counsel advised that the motion is opposed.

Dated: September 19, 2005

PROSKAUER ROSE LLP

By: **/s/ Howard L. Ganz**
Howard L. Ganz (Admitted *Pro hac vice*)
Avitai Gold (Admitted *Pro hac vice*)
1585 Broadway
New York, New York 10036
(212) 969-3035

Stephanie L. Marn (D.C. Bar No. 467873)
1233 Twentieth Street, NW, Suite 800
Washington, DC  20036
Telephone:  (202) 416-6800

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dov Levine,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) <br> ) |
| v. | )    Civil Action: 1:05-cv-01163 (RMC) <br> ) |
| **The Reader's Digest Association, Inc.,** | ) <br> ) <br> ) |
| **Defendant.** | ) <br> ) |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO TRANSFER VENUE

PROSKAUER ROSE LLP

Howard L. Ganz (Admitted *Pro hac vice*)
Avitai Gold (Admitted *Pro hac vice*)
1585 Broadway
New York, New York 10036
(212) 969-3035

Stephanie L. Marn (D.C. Bar No. _____)
1233 Twentieth Street, NW, Suite 800
Washington, DC  20036
Telephone:  (202) 416-6800

Attorneys for Defendant

TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

    A. Venue In The Southern District Of New York Is Proper ................................................ 3

    B. Transfer Will Promote The Convenience Of The Parties And Witnesses
       And Is In The Interest Of Justice ...................................................................................... 5

       1. Plaintiff's Choice Of Venue Is Not Entitled To Any Significant Weight .................. 5

       2. Plaintiff's Claims Arose Elsewhere ............................................................................ 7

       3. RDA Is Principally Located In New York ................................................................. 8

       4. Key Witnesses Are Located In New York ................................................................. 8

       5. The Sources Of Proof Are Most Easily Accessible in New York ............................. 9

       6. Public Interest Considerations Weigh In Favor Of Transferring This
          Action To The Southern District Of New York ....................................................... 9

CONCLUSION .......................................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*\* Chung v. Chrysler Corp.*, 903 F. Supp. 160 (D.D.C. 1995) ............................................. 6, 9, 10

*Church of Scientology Int'l v. Eli Lilly & Co.*, 848 F. Supp. 1018, 1026 (D.D.C. 1994) .......... 11

*\* Claasen v. Brown*, 1996 WL. 79490 (D.D.C. Feb. 16, 1996) ................................................. 7

*Diemer v. U.S. Postal Service*, 1987 WL. 9037 (D.D.C. Mar. 19, 1987) ................................ 13

*\* Harris v. Republic Airlines, Inc.*, 699 F. Supp. 961 (D.D.C. 1988) ........................................ 6

*Hoffman v. Blaski*, 363 U.S. 335 (1960) .................................................................................. 4

*In re Korean Air Lines Disaster*, 829 F.2d 1171 (D.C. Cir. 1987) .......................................... 10

*International Shoe Co. v. Wash.*, 326 U.S. 310 (1945) .............................................................. 4

*Johnson v. Washington Gas Light Co.*, 89 F. Supp. 2d 45 (D.D.C. 2000) ................................. 4

*Liban v. Churchey Group II, LLC*, 305 F. Supp. 2d 136 (D.D.C. 2004) ............................ 10, 11

*\* McClamrock v. Eli Lilly and Co.*, 267 F. Supp. 2d 33 (D.D.C. 2003) ....................... 5, 6, 10, 11

*\* Pyrocap Int'l Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92 (D.D.C. 2003) ....................... 9, 10

*\* Shawnee Tribe v. United States of America*, 298 F. Supp. 2d 21 (D.D.C. 2002) ............. 3, 5, 8

*\* Sierra Club v. Flowers*, 276 F. Supp. 2d 62 (D.D.C. 2003) ............................................ 6, 8, 9

*Stewart v. Ricoh Corp.*, 487 U.S. 22 (1988) ............................................................................. 3

*\* Trout Unlimited v. U.S. Dep't of Agriculture*, 944 F. Supp. 13 (D.D.C. 1996) .... 3, 5, 6, 9, 10, 11

## STATUTES & OTHER AUTHORITY

\* 28 U.S.C. § 1391(b) ............................................................................................................... 4

\* 28 U.S.C. § 1404(a) ....................................................................................................... 1, 3, 13

\* 29 U.S.C. § 621 *et seq.* ...................................................................................................... 1, 4

29 U.S.C. § 633a(c) ................................................................................................................. 4

Fed. R. Civ. P. 45(c)(3)(A)(ii) ........................................................................................................10

* N.Y. C.P.L.R. § 301 *et seq.* ..........................................................................................................4

Defendant The Reader's Digest Association, Inc. ("RDA"), for the reasons stated below, respectfully moves to transfer the above-captioned action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York.

## PRELIMINARY STATEMENT

This action, which involves a dispute concerning the termination of plaintiff's employment with Das Beste aus Reader's Digest A.G., a subsidiary of RDA that is based in Zurich, Switzerland, has absolutely no connection to this district.

Until the termination of his employment in 2003, plaintiff Dov Levine was employed by Das Beste aus Reader's Digest A.G. – *in Switzerland* – for 31 years. (*See* Complaint ("Compl.") ¶¶ 2, 18.) Mr. Levine resides in Switzerland, and not in the District of Columbia. (*See* Compl. ¶ 10.) None of the conduct or events that are alleged to be the basis for plaintiff's claims occurred in the District of Columbia. Accepting for the purposes of this motion the facts as alleged in the complaint, none of the potential witnesses either resides or works in this district and none of the possibly relevant documents are located here. And, while RDA maintains a small office in the District of Columbia (that performs editorial functions, which are entirely unrelated to plaintiff's job duties while he was employed by Das Beste aus Reader's Digest A.G. in Switzerland), RDA's corporate headquarters and principal place of business are located in Pleasantville, New York, and the United States District Court for the Southern District of New York would have personal jurisdiction over RDA and is a forum in which this action could have been brought.

Based upon these undisputed facts, and under well-settled standards, this action – in which the complaint purports to assert claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*("ADEA"), and for alleged interference with certain contractual

rights related to the termination of plaintiff's employment – should be transferred to the United States District Court for the Southern District of New York.

A district court has the authority to transfer an action to another, appropriate district for the convenience of the parties and the witnesses and in the interest of justice. Here, the Southern District of New York, if not the only appropriate venue for this litigation, is clearly far more appropriate than the District of Columbia. Accordingly, RDA's motion to transfer this action to the Southern District of New York should be granted.

## FACTUAL BACKGROUND

Plaintiff Levine is a resident of Zurich, Switzerland. (Compl. ¶ 2) He is a former employee of RDA's Zurich-based Swiss subsidiary, Das Beste aus Reader's Digest A.G., for which he worked for over three decades. (Compl. ¶¶ 2, 18; Brizel Decl. ¶ 6) In a letter dated October 29, 2003, plaintiff was notified of the decision, made by managerial personnel at Das Beste aus Reader's Digest A.G. (one of whom was based in Stuttgart, Germany, and the other in Zurich), to terminate his employment for performance reasons. (Brizel Decl. ¶ 8, Ex. A)[1] Plaintiff asserts that his termination violated the ADEA, and that RDA employees employed at RDA corporate headquarters in Pleasantville, New York, engaged in this alleged discriminatory conduct and tortiously interfered with certain contractual relations between plaintiff and Das Beste aus Reader's Digest A.G. (*See* Compl. ¶¶ 1, 30-34, 44, 48) When protesting his termination, both plaintiff and his attorney communicated with RDA employees in Pleasantville, New York (and not in the District of Columbia). (Brizel Decl. ¶¶ 4, 9) In addition, the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") was processed by the EEOC's New York district office (which, after investigation, dismissed

---

[1] "Brizel Decl." refers to the accompanying Declaration of Michael A. Brizel, executed on September 15, 2005 and submitted in support of RDA's motion to transfer venue.

2

that charge); and when plaintiff commenced this action in this Court, his attorney mailed the Request for Waiver of Service Summons and Complaint in this action to RDA's corporate headquarters in Pleasantville, New York. (Brizel Decl. ¶¶ 14-15, Exs. B and C)

## **ARGUMENT**

As demonstrated below, this Court should exercise its broad discretion and transfer this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) vests a district court with authority to transfer an action to a more appropriate district "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Motions to transfer are left to the discretion of the Court to adjudicate on an 'individualized, case-by-case consideration of convenience and fairness.'" *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 23 (D.D.C. 2002) (*quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal citations omitted)).

This Court's inquiry in a motion to transfer is two-fold. First, it must determine whether the action "might have been brought" in the district court in which the moving party seeks to have the case litigated. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Second, the Court must conclude "whether the case should be transferred based on the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Id.* Both of these standards are more than satisfied here; and, accordingly, RDA's motion to transfer this case to the Southern District of New York should be granted.

### A. Venue In The Southern District Of New York Is Proper.

To show that an action "might have been brought" in the transferee court for purposes of Section 1404(a), a defendant must show that (1) venue is proper in the proposed

3

transferee court; (2) the transferee court could exercise subject matter jurisdiction; and (3) the transferee court could exercise personal jurisdiction. *Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960). All three requirements are met here.

First, under 28 U.S.C. § 1391(b), venue is proper "where any defendant resides, if all defendants reside in the same State." Here, RDA, the lone defendant in this action, maintains its principal place of business and corporate headquarters in Pleasantville, New York, within the Southern District of New York. (Compl. ¶ 12; Brizel Decl. ¶ 3)[2] In an action brought under the ADEA, venue is proper in any court with competent jurisdiction. 29 U.S.C. § 633a(c). *See*, *e.g.*, *Johnson v. Washington Gas Light Co.*, 89 F. Supp. 2d 45, 47 (D.D.C. 2000) ("An action under the [ADEA] may be brought in a judicial district where 'any defendant resides' or where a 'substantial part of the events … giving rise to the claim occurred'") (*quoting* 28 U.S.C. § 1391(b)).[3]

Second, assuming <u>arguendo</u> that subject matter jurisdiction exists at all, the Southern District of New York would have subject matter jurisdiction because this case presents (or, at least, purports to present) a federal question arising under the ADEA, 29 U.S.C. § 621 *et seq*. (Compl. ¶ 1)

Finally, the Southern District of New York can exercise personal jurisdiction over RDA, because RDA resides and does business in the state of New York. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); N.Y. C.P.L.R. § 301 *et seq.* (McKinney 2001).

Because this action might have been brought in the Southern District of New York, the only remaining issue is whether the convenience of the parties and witnesses and the interest of justice favor transfer.

---

[2] As already noted, plaintiff alleges that he resides in Switzerland. (Compl. ¶10)
[3] The statute also provides that an action may be brought in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

4

**B.     Transfer Will Promote The Convenience Of The Parties And Witnesses And Is In The Interest Of Justice.**

While there is no connection whatever between plaintiff (and/or the claims he asserts) and the District of Columbia, several factors favor the transfer of this case to the Southern District of New York.

On motions to transfer, this Court has weighed a variety of private and public interest considerations. The private interest considerations include (i) the plaintiff's choice of forum, (ii) the defendant's choice of forum, (iii) whether the claim arose elsewhere, (iv) the convenience of the parties, (v) the convenience of the witnesses,[4] and (vi) ease of access to the sources of proof. *See*, *e.g.*, *Trout Unlimited*, 944 F. Supp. at 16. The public interest considerations include (i) the transferee venue's familiarity with the governing laws, (ii) the relative congestion of the calendars of the potential transferee and transferor courts, and (iii) the local interest in deciding local controversies at home. *Id*.

**1.     Plaintiff's Choice Of Venue Is Not Entitled To Any Significant Weight.**

In the circumstances here, plaintiff's choice of forum is entitled to little, if any, weight. A "plaintiff's choice of forum is not accorded substantial deference where 'the plaintiff's choice of forum has no meaningful ties to the controversy and no particular interest in the parties or the subject matter … [m]oreover, the defendant's burden in a motion to transfer decreases when the plaintiff's choice of forum has no meaningful nexus to the controversy and the parties.'" *McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003). *See also Shawnee Tribe*, 298 F. Supp. 2d at 24-25 (where the plaintiff's chosen forum is not his or her

---

[4] Some, but not all, motion to transfer cases decided by this Court address the convenience of the witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *See*, *e.g. Trout Unlimited*, 944 F. Supp. at 16.

5

"home" forum, "that choice is conferred less deference by the court"); *Harris v. Republic Airlines, Inc.*, 699 F. Supp. 961, 963 (D.D.C. 1988) (plaintiff's choice of forum not entitled to deference "where the convenience of parties and witnesses and the interests of justice clearly favor transfer. This is particularly so when the plaintiff's choice has no factual nexus to the case"); *Trout Unlimited*, 944 F. Supp. at 17 (deference afforded to the plaintiff's choice of forum "is mitigated where the plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or subject matter'"), *quoting Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C. 1995).

As in the cases cited above, and based upon the facts already outlined, this forum is not plaintiff's "home" forum; and the District of Columbia has "no factual nexus to the case," no "meaningful ties to the controversy," and no "particular interest in the parties or the subject matter."

Neither the fact that RDA engages in business and maintains an office in the District of Columbia[5] (the only basis proffered by the Complaint for plaintiff's selection of forum – *see* Compl. 13), nor the circumstance that the office of plaintiff's attorney is located in the District of Columbia, is sufficient to justify plaintiff's inappropriate forum selection. *See*, *e.g.*, *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 66-67 (D.D.C. 2003) (granting motion to transfer to Southern District of Florida, where documents, witnesses, and major facilities were located, and stating that where no meaningful ties to D.C. exist, "the fact that the parties each have offices in [D.C.] is not dispositive of the question of deference" to the plaintiff's choice of forum); *McClamrock*, 267 F. Supp. 2d at 40 ("Any inconvenience to plaintiff's counsel caused

---

[5] Approximately four employees are located at RDA's District of Columbia office, out of more than 4,000 employees of RDA and its subsidiaries worldwide. (Brizel Decl. ¶ 7)

6

by the transfer of this action is not a factor that carries considerable weight in the Court's determination of whether or not to grant a motion to transfer pursuant to section 1404(a)"); *Claasen v. Brown*, 1996 WL 79490, *6 (D.D.C. Feb. 16, 1996) ("the fact that Plaintiff's lawyers … might experience inconvenience by having to travel or to retain local counsel[] is of relatively minor importance when compared to the other considerations … and the fact that this case has absolutely no factual connection to [the District of Columbia]").

While plaintiff's failure to show any relevant connection to the District of Columbia undermines whatever deference might be afforded to his choice of forum, there are clearly several factors that militate in favor of RDA's choice of forum, the Southern District of New York.

### 2. Plaintiff's Claims Arose Elsewhere.

Plaintiff alleges no facts in his Complaint suggesting that his claims arose in the District of Columbia. He was employed (for 31 years) in Switzerland; it was his work performance in Switzerland that was the basis for the termination of that employment; and the persons with knowledge concerning plaintiff's work performance reside and are employed in Switzerland and Germany. Even accepting plaintiff's apparent theory that the decision to terminate his employment was made by RDA, rather than by managerial personnel at Das Beste aus Reader's Digest A.G., the facts are that plaintiff's (and his attorney's) protests concerning his termination were directed to RDA employees *in New York, and not in the District of Columbia.* (Brizel Decl. ¶ 9) Moreover, it was the *New York* office of the EEOC (and not the Commission's office in the District of Columbia) that processed (and dismissed) plaintiff's charge of discrimination; and when plaintiff sought to secure a waiver of service of the summons and complaint in this action, his attorney sent that request to RDA's office in New York, rather than

to any office in Washington, D.C. (Brizel Decl. ¶¶ 14-15, Exs. B and C) Indeed, there exists no possible scenario under which plaintiff could allege that his claims arose in the District of Columbia or that the decision to terminate his employment was made in this district. Under these circumstances, the Court should transfer this case to the Southern District of New York. *See*, *e.g.*, *Shawnee*, 298 F. Supp. 2d at 25-26 (granting motion to transfer where plaintiffs engaged in correspondence with the defendant's field offices in Texas and Washington (state), rather than in the District of Columbia, and where the decisionmaking process at issue did not occur in the District of Columbia).

### 3. RDA Is Principally Located In New York.

RDA's principal place of business and corporate headquarters is located in Pleasantville, New York. (Brizel Decl. ¶ 3) It is, of course, far more convenient for RDA, and/or its corporate representatives, to appear in court in New York than in the District of Columbia. (Brizel Decl. ¶ 11) Plaintiff has not pled that he resides, works, and/or maintains any other connection to the District of Columbia. Thus, the convenience of the parties in this case favors transfer to the Southern District of New York. *See*, *e.g.*, *Sierra Club*, 276 F. Supp. 2d at 66-68, 71 (transferring case to Southern District of Florida where movant's officials and relevant major facilities were located in Florida).

### 4. Key Witnesses Are Located In New York.

Apart from the Swiss and/or German witnesses who are familiar with plaintiff's work performance in Switzerland, the *only* other potential witnesses – even if we accept in full measure plaintiff's theory that RDA was responsible for or involved in the alleged unlawful conduct about which he complains – are current or former RDA employees who worked at RDA corporate headquarters in New York. (Brizel Decl. ¶ 12) Indeed, there are no

8

known potentially relevant witnesses within the District of Columbia. (Brizel Decl. ¶ 13) Accordingly, the convenience of the witnesses in this case clearly favors transfer to the Southern District of New York. *See*, *e.g.*, *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 162-64 (D.D.C. 1995) (declaring that the convenience of witnesses is "most critical factor" and granting defendant's motion to transfer where the two most important witnesses in the case were located in New York).

### 5. The Sources Of Proof Are Most Easily Accessible In New York.

The sources of proof relevant to all of plaintiff's claims would require documentation and witnesses from the places where RDA is claimed to have engaged in the alleged unlawful conduct – i.e., in Switzerland, Germany and New York (and not the District of Columbia). Indeed, to the extent there are any relevant personnel records concerning plaintiff that are located in the United States, they are located in New York, and not in the District of Columbia. (Brizel Decl. ¶ 10) And this is yet another reason why the Court should transfer this case to the Southern District of New York. *See*, *e.g*, *Sierra Club*, 276 F. Supp. 2d at 69; *see also Pyrocap Int'l Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92, 97-98 (D.D.C. 2003) (witnesses, documents, other evidence located in Michigan); *Trout Unlimited*, 944 F. Supp. at 18 (administrative record located in Colorado).

### 6. Public Interest Considerations Weigh In Favor Of Transferring This Action To The Southern District Of New York.

The other, less significant, transfer factors either militate toward transfer or are neutral under the circumstances. The public interest factors considered by this Court are (i) the transferee venue's familiarity with the governing laws, (ii) the relative congestion of the

9

calendars of the potential transferee and transferor courts, and (iii) the local interest in deciding local controversies at home.[6]  *Trout Unlimited*, 944 F. Supp. at 16.

First, as for familiarity with the governing law, it deserves note that two of plaintiff's three claims arise under the ADEA.  (Compl. ¶ 1)  Accordingly, this initial "public interest" factor is thus of little significance with respect to plaintiff's discrimination and retaliation claims, because "a transferee federal court is competent to decide federal issues correctly."  *See Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004) (granting transfer of federal Fair Housing Act claim), *quoting In re Korean Air Lines Disaster*, 829 F.2d 1171, 1175 (D.C. Cir. 1987).

Moreover, plaintiff's interference with contract claim might well be governed by New York law because it sounds in tort.  *See McClamrock*, 267 F. Supp. 2d at 41 (North Carolina law applied to plaintiff's tort claim; courts in North Carolina "have the greatest familiarity with North Carolina law").  In tort actions, District of Columbia courts consider "the place of the injury; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of business and place of incorporation of the parties, and the place where the relationship is centered."  *Id*.  *Cf. Trout Unlimited*, 944 F. Supp. at 19 (federal statutory claim might "involve the interpretation of Colorado law").  Indeed, "the law governing the plaintiff's claims is the law of the state with the most significant relationship to the matters at

---

[6] Courts in this district may consider the availability of compulsory process in connection with a motion to transfer. *See*, *e.g.*, *Pyrocap*, 259 F. Supp. 2d at 98-99 (considering availability of compulsory process with respect to potential witnesses in Michigan); *Chung*, 903 F. Supp. at 164-65 (compulsory process could be effected in New York as to the two key witnesses).  In the event that potential third-party witnesses are located more than 100 miles outside of the District of Columbia – and plaintiff has given not even a hint that there may be witnesses *within* that radius - this Court will not be able to compel their live trial testimony in court.  *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) (court "shall quash or modify any subpoena … [that] requires travel of more than 100 miles").  The inability of this Court to compel the live-trial testimony of such witnesses provides yet another reason why this case should be transferred to the Southern District of New York.

10

issue." *Id.* (*citing Church of Scientology Int'l v. Eli Lilly & Co.*, 848 F. Supp. 1018, 1026 (D.D.C. 1994)). Because plaintiff appears to contend that the allegedly interfering conduct was engaged in by RDA employees in New York, New York law might apply to his interference with contract claim. Thus, given the familiarity of the Southern District of New York with New York law, this factor weighs in favor of transfer.

Second, there is no reason to believe that the docket of the Southern District of New York is any more congested than that of this Court. *See*, *e.g. Liban*, 305 F. Supp. 2d at 143 ("the court has no reason to believe that the transferee court is more or less congested than this court"); *Cf. Trout Unlimited*, 944 F. Supp. at 19 (considering both congestion and speed of resolution; where court had not "familiarized itself with the underlying merits of the case," there would be no delay associated with transfer to another court). Accordingly, this factor is neutral with respect to the instant motion.

Finally, the instant case cannot possibly be said to be a "local" controversy. The events underlying plaintiff's claims occurred in Switzerland and (at least according to plaintiff) in New York. But none of the allegedly unlawful conduct took place in the District of Columbia. If, as plaintiff suggests, the conduct about which he complains was engaged in by RDA employees in New York, this factor also weighs in favor of the requested transfer. *See*, *e.g.*, *Trout Unlimited*, 944 F. Supp. at 19 (citing "compelling interest … in having … localized controversy decided at home"); *see also McClamrock*, 267 F. Supp. 2d at 41-42 (District of Columbia has "at best, minimal interest … [where] injury at issue occurred in" North Carolina); *Liban*, 305 F. Supp. 2d at 143 ("majority of the alleged discriminatory events … occurred in" transferee district).

11

Taken together, and weighed against the absence of any link to the District of Columbia, these factors clearly favor transfer of this proceeding to the Southern District of New York.

### **CONCLUSION**

"The purpose behind [28 U.S.C. § 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Diemer v. U.S. Postal Service*, 1987 WL 9037, *3 (D.D.C. Mar. 19, 1987). Consistent with this principle, this proceeding should be transferred to the United States District Court for the Southern District of New York because venue is proper in that district, and transfer would fully serve the interests of justice and the convenience of the parties and the witnesses.

Dated: September 19, 2005

Respectfully submitted,

        PROSKAUER ROSE LLP

        By: **/s/ Howard L. Ganz**
        Howard L. Ganz (Admitted *Pro hac vice*)
        Avitai Gold (Admitted *Pro hac vice*)
        1585 Broadway
        New York, New York 10036
        (212) 969-3035

        Stephanie L. Marn (D.C. Bar No. 467873)
        1233 Twentieth Street, NW, Suite 800
        Washington, DC 20036
        Telephone: (202) 416-6800

        Attorneys for Defendant