UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dov Levine,<br><br>    Plaintiff,<br><br>v.<br><br>The Reader's Digest Association, Inc.,<br><br>    Defendant. | Civil Action: 1:05-cv-01163 (RMC)<br><br>DECLARATION OF<br>MICHAEL A. BRIZEL |

MICHAEL A. BRIZEL declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am Senior Vice President and General Counsel of The Reader's Digest Association, Inc. ("RDA"), defendant in the above-captioned matter. I have worked for RDA in a number of capacities for more than 16 years. I am fully familiar with the facts and circumstances stated herein and submit this Declaration in support of Defendant RDA's motion to transfer venue. Except as otherwise noted, this Declaration is based on my personal knowledge.

2.  My principal residence is located in New York, New York.

3.  RDA's corporate headquarters and principal place of business is located in Pleasantville, New York, within the Southern District of New York.

4.  My office is located at RDA's corporate headquarters in Pleasantville, New York.

5.  RDA's Swiss subsidiary, Das Beste aus Reader's Digest A.G., maintains its principal place of business in Zurich, Switzerland.

6. Plaintiff is a former employee of RDA's Zurich-based Swiss subsidiary, Das Beste aus Reader's Digest A.G., for which he worked between November 1, 1972 and October 29, 2003.

7. RDA maintains a small office in the District of Columbia that performs editorial functions, which are entirely unrelated to plaintiff's work while he was employed by Das Beste aus Reader's Digest A.G. in Switzerland. Approximately four employees are located at RDA's District of Columbia office, out of more than 4,000 employees of RDA and its subsidiaries worldwide.

8. In a letter dated October 29, 2003, plaintiff was notified of the decision, made by managerial personnel at Das Beste aus Reader's Digest A.G. (one of whom was based in Stuttgart, Germany, and the other in Zurich), to terminate his employment for performance reasons. A translated version of the October 29, 2003 letter to plaintiff is annexed hereto as Exhibit A.

9. On information and belief, plaintiff thereafter communicated with a then RDA employee, Giovanni di Vaio ("di Vaio"), who worked at RDA's Pleasantville, New York headquarters, and subsequently both plaintiff and his attorney sent letters to di Vaio, in New York, protesting the termination of plaintiff's employment. From my office in New York, I responded to the letters sent to RDA by plaintiff's counsel.

10. To the extent there are any relevant personnel records concerning plaintiff that are located in the United States, they are located in New York, and not in the District of Columbia.

11. It is far more convenient for RDA, and/or its corporate representatives, to appear in court in New York than in the District of Columbia.

12. Apart from the Swiss and/or German witnesses who are familiar with plaintiff's work performance in Switzerland, the only other potential witnesses are RDA employees who worked at RDA headquarters in New York.

13. RDA is not aware of any potentially relevant witnesses within the District of Columbia.

14. The charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") was processed by the EEOC's New York district office (which, after investigation, dismissed that charge). A true and correct copy of the Dismissal and Notice of Rights issued by the EEOC is annexed hereto as Exhibit B.

15. When plaintiff commenced this action in this Court, his attorney mailed the Request for Waiver of Service Summons and Complaint in this action to RDA's corporate headquarters in Pleasantville, New York. A true and correct copy of the cover letter that accompanied those documents is annexed hereto as Exhibit C.

I declare under penalties of perjury that the foregoing is, to the best of my knowledge, information and belief, true and correct.

Dated: September 15, 2005

_____
MICHAEL A. BRIZEL