# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOV LEVINE )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>THE READER'S DIGEST ASSOCIATION, INC. )<br>)<br>*Defendant.* )<br>) | Civil Action: 05-cv-01163 (RMC) |

### DECLARATION OF NATHAN LEWIN

NATHAN LEWIN hereby affirms under penalty of perjury:

1. I have been a member of the Bar of the District of Columbia since January 14, 1963, and have engaged in the private practice of law in the District of Columbia since April 1969. I am presently engaged in the practice of law at the firm of Lewin & Lewin LLP, 1828 L Street NW, Suite 901, Washington, DC 20036. The attorneys of the firm are only my daughter Alyza Doba Lewin and myself.

2. The plaintiff in this case, Dr. Dov Levine, is my first cousin. His father and my father – both of whom are now deceased – were brothers.

3. I knew that the plaintiff had been employed for more than 30 years with the Reader's Digest at its office in Zurich, Switzerland.

4, The plaintiff telephoned and thereafter e-mailed me when he received the totally unexpected notification that his employment in Zurich was being terminated.

5. I know that the plaintiff is a widely respected and recognized Jewish Talmudic scholar. I also know that he is an individual with modest means and that he and his family depended upon his continued livelihood from his employment with the Reader's Digest.

6. I notified the plaintiff that he had rights under United States law, but I recognized that the plaintiff would have great difficulty in retaining counsel in the United States to assert such rights he might have under United States law. It would have required a substantial investment of the plaintiff's limited resources to come to the United States, describe his case to potential counsel, and agree on contingent-fee terms for his representation. In my opinion, plaintiff had a very small likelihood of finding competent counsel who would be prepared to present his case on terms that plaintiff could afford.

7. Accordingly, I agreed, for familial reasons, to represent my cousin in this matter on a modest contingency-fee arrangement.

8. Although I am a member of the Bar of the Southern District of New York, I have no office in New York. Traveling to New York for court appearances or other litigation matters is a hardship because it consumes several hours of travel time. For a two-member law firm, such travel by its senior attorney is a significant waste of resources.

9. The plaintiff has been severely damaged by the attitude taken by Reader's Digest following his termination. Because he dared to assert his rights under United States law, the Swiss subsidiary of Reader's Digest (Das Beste aus Reader's Digest AG) has withheld the payment of 90,000 Swiss francs that it had agreed to pay on severance. The parent corporation's role in that action is the subject of the Second and Third Claims of the Complaint. The Swiss subsidiary has persisted in refusing to pay pursuant to its agreement and has, in further harassment of the plaintiff, forced him to bring suit to recover that amount in the Swiss courts.

10. It is my opinion, based on the current statistics regarding the relative caseloads in the Southern District of New York and in the District of Columbia, that the plaintiff will obtain a more speedy and efficient resolution of his claim in the United States District Court for the District of Columbia than in the United States District Court for the Southern District of New York. For this reason, as well as the presence of my office in the District of Columbia and the availability here of the Embassy of Switzerland, I filed the plaintiff's case in the United States District Court for the District of Columbia.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 12, 2005

_____
NATHAN LEWIN

3