# EXHIBIT 2



THE READER'S DIGEST ASSOCIATION, INC.
READER'S DIGEST ROAD
PLEASANTVILLE, NY 10570-7000

November 20, 2003

Dr. Dov Levine
Zurich


Dear Dr. Levine,

Thank you very much for your availability to talk to me on the phone today.

You know there are things that we take very seriously at Reader's Digest, and one of these is certainly the claim that an employee may have received a discriminatory treatment because of his age or his religious beliefs, as you seem to allude in your letter (which we received yesterday).

Our policies and our Code of Conduct expressly forbid any type of discrimination, and I wanted to speak to you immediately to ascertain whether this norm had been observed in the process leading to the termination of your employment.

While I understand the disappointment that you expressed to me because of your termination, especially after having served the company for so many years, and because of the difficult job market, I have to say that I didn't register any specific behaviour on the part of company executives that can be seen or interpreted as discrimination against you for your age or your religious beliefs.

I look forward to receiving the translation of the termination letter that you are sending me. After having read it, I will call you back with any comment that I may have.

I understand, and you confirmed, that you have received an increased offer today, and also that this offer (like the previous one) is financially in line with, and actually better than what the swiss law prescribes in a case of this nature.

Mr. Levine, I have great respect for your years of service with Reader's Digest, and I am sorry that this relationship is ending on such a bitter note.

I can promise that I will look into your case with great attention should you provide to me any evidence that supports a claim of discrimination and, should you provide such evidence, I will come back to you as soon as possible.

In the meantime, please accept my best regards.

Giovanni di Vaio
VP International Human Resources

This letter is sent by fax on November 20, 2003 and by mail on the same date



# LEWIN & LEWIN LLP

Nathan Lewin
nat@lewinlewin.com

Alyza D. Lewin
alyza@lewinlewin.com

1828 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 828-1000 phone
(202) 828-0909 fax
www.lewinlewin.com

November 20, 2003

**VIA FACSIMILE - (914) 244-5449**

Mr. Giovanni di Vaio
Head of Human Resources International
Reader's Digest Association Inc.
Headquarters
Pleasantville, N.Y. 10570

    Re:   *Dr. Dov Levine*

Dear Mr. di Vaio:

    I am writing to you to follow up on extended conversations you had yesterday with our client, Dr. Dov Levine (who also happens to be my first cousin). You and he were discussing, I understand, fair and equitable terms under which Dr. Levine's employment by Reader's Digest in Zurich, Switzerland, would be terminated.

    The purpose of this letter is to re-affirm Dr. Levine's wish that the unpleasant episode of his unjustified termination not result in any lasting hard feelings or in any public dispute with Reader's Digest. He has enjoyed the 31 years that he was employed by Reader's Digest and would like to leave that employment with no antagonism and with no lasting recriminations.

    At the same time, I must convey to you my personal feelings – as an attorney with many years experience in litigation (including 27 oral arguments in the Supreme Court of the United States) and in discrimination lawsuits – that Reader's Digest is highly vulnerable should Dr. Levine choose to proceed with litigation in the United States. You are doubtless aware that he is a United States citizen who can assert a Civil Rights Act claim pursuant to 42 U.S.C. § 2000e(f). And, of course, Reader's Digest is subject to Civil Rights Act liability under 42 U.S.C. § 2000e-1(c).

    I have not yet had an opportunity to consider all the detailed facts regarding Dr. Levine's termination, but it is clear that after many years of superlative evaluations, he was suddenly told that his work did not fulfill "the requirements of an up-to-date database management." The termination letter referred to his "income bracket" and suggested that the company is choosing to replace him with a younger employee who might be more "up-to-date." This suggests age discrimination which is, of course, illegal under American law. And other categories of discrimination prohibited by the Civil Rights Act warrant more detailed factual inquiry.



LEWIN & LEWIN LLP

Mr. Giovanni di Vaio
November 20, 2003
Page Two


      I urge you to come to an accommodation with Dr. Levine which meets the minimal expectations he outlined in his letter to his supervisor of 11 November 2003. It is in Reader's Digest interest, as well as in Dr. Levine's interest, to conclude 31 years of work that was highly productive and fruitful on an amicable note.

                                                Sincerely yours,

                                                Nathan Lewin



# LEWIN & LEWIN LLP

Nathan Lewin
nat@lewinlewin.com

Alyza D. Lewin
alyza@lewinlewin.com

1828 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 828-1000 phone
(202) 828-0909 fax
www.lewinlewin.com

November 24, 2003

**VIA FACSIMILE - (914) 244-5449**

Mr. Giovanni di Vaio
Head of Human Resources International
Reader's Digest Association Inc.
Headquarters
Pleasantville, N.Y. 10570

Re:   *Dr. Dov Levine*

Dear Mr. di Vaio:

Dr. Dov Levine has sent me a copy of your letter to him of November 20 – the very same day on which I wrote to you. You note in that letter that you did not "register any specific behaviour on the part of company executives that can be seen or interpreted as discrimination against you for your age or your religious beliefs."

This observation ignores, of course, the wholly inexplicable about-face that the office took with regard to Dr. Levine after a new manager was appointed. On January 13, 2003, his immediate supervisor, Ms. Tamara Muttiussi, thanked him effusively and said:

> "In the last few weeks and months, you have within the frame of special projects repeatedly given us huge support. It gives me enjoyment and enrichment to be allowed to work together with you."

Less than one year later he received the wholly derogatory dismissal letter. And, unlike the procedures with which Dr. Levine was familiar in the Zurich office, his dismissal was not preceded by any meetings in which deficiencies were noted or any opportunity given to correct any alleged deficiencies.

It frequently happens in the course of litigation that illegal discriminatory prejudices are not voiced directly to the target of the discrimination but emerge in the course of discovery from company documents and e-mails or from the deposition testimony of associates of personnel in management positions. I trust that Reader's Digest has a policy under which its personnel abroad retain employment records as well as internal reports and emails regarding personnel like Dr. Levine.



Mr. Giovanni di Vaio
November 24, 2003
Page Two


      I continue to hope – as does Dr. Levine -- that Reader's Digest will conclude its relationship with Dr. Dov Levine on a harmonious note. Just in case you are unaware of his reputation, I should alert you to the fact that he has many admirers in Europe, Israel, and the United States who would be shocked if they ever learn that he has not been treated fairly and equitably by Reader's Digest. And I think the Reader's Digest family – in the United States as well as in Zurich – is well aware of the major contributions he had made over 31 years to the international well-being of the company.

      Dr. Levine and I await the outcome of your further consideration of his case. Please do not hesitate to call if you would like to discuss this matter further.

                                            Sincerely yours,

                                            Nathan Lewin


cc:    Dr. Dov Levine



THE READER'S DIGEST ASSOCIATION, INC.
READER'S DIGEST ROAD
PLEASANTVILLE, NY 10570-7000

MICHAEL A. BRIZEL
*Senior Vice President & General Counsel*

November 26, 2003

TELEPHONE: (914) 244-5069
FAX: (914) 244-7807
michael_brizel@rd.com

VIA FACSIMILE-202- 828-0909
Lewin & Lewin
1828 L Street N.W.
Suite 1000
Washington, D.C. 20036
Attention: Nathan Lewin, Esq.

Re: Dr. Dov Levine

Dear Mr. Lewin:

Your letters dated November 20, 2003 and November 24, 2003 to Mr. Giovanni di Vaio of The Reader's Digest Association, Inc. ("RDA") regarding the above referenced individual have been referred to me for a response. First and foremost, please be advised that RDA categorically denies the allegations set forth in your letter insofar as they claim that your client was terminated in violation of law. For quite some time, Dr. Levine's performance has not been satisfactory, and this assessment has been communicated to him numerous times (orally and in writing) during the past several years, and reflected in his compensation. Witnesses are available to substantiate the oral communications. Any suggestion in your letter that his termination was based on his age is baseless, and we would treat any claim in that regard as frivolous.

It is my understanding that the severance arrangement offered to your client was quite generous—far in excess of what is required by statute, reflecting his contributions to the Company during his career. There is no basis to provide him additional amounts.

We will not treat Dr. Levine differently merely because of his "reputation" or "admirers in Europe, Israel and the United States". He has been treated appropriately, and his performance is no longer satisfactory. Should your client desire to air his views publicly as he stated in one of his letters and you stated in your most recent threatening letter, we will respond accordingly. I am certain, however, that if your client actually shared with you all of the written communications referred to above as well as the oral discussions that have taken place with colleagues of his at the Company regarding his performance, you would agree that a public airing of his skills and performance would not serve him well—especially among his "admirers".

Please direct any future correspondence or communication regarding this matter to my attention.

Sincerely,

cc: Giovanni di Vaio