UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOV LEVINE ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil Action: 05-cv-01163 (RMC) |
| v. ) | |
| ) | |
| THE READER'S DIGEST ASSOCIATION, INC. ) | |
| ) | |
| *Defendant.* ) | |

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE

———

At pages 3-4 of its Reply Memorandum of Law, the Reader's Digest presents a new argument supporting its Motion To Transfer Venue. For the first time, the Reader's Digest contends that a "threshold issue" in this case is whether the ADEA applies to the decision made by its wholly owned Swiss subsidiary to terminate the services of the plaintiff after 31 years. The Reader's Digest contends that the "factors" enumerated in 29 U.S.C. § 623(h)(3) will have to be considered by the Court in deciding the applicability of the ADEA, and the evidence relating to these "factors" is located in New York. That contention does not justify transfer for at least two principal reasons:

*First*, no judicial decision has held that Section 623(h)(3) applies to an instance such as this one – in which the foreign corporation is a wholly owned subsidiary that is a foreign "workplace" of a United States corporation. By the plain language of 29 U.S.C. § 630(f) the employment of the plaintiff is covered by the ADEA regardless of "factors" such as "interrelation of operations" or "centralized control of labor relations."

*Second,* even if the "factors" enumerated in 29 U.S.C. § 623(h)(3) were relevant to the applicability of the ADEA to plaintiff's case, those "factors" can readily be determined by this Court from affidavits or depositions taken in this case. And if the Court deems live testimony necessary, the witnesses and documents can readily travel here from New York. To allow this entire case to be moved from the District of Columbia because of this relatively minor preliminary issue would be to wag the dog by its tail.

I.

## THE ADEA COVERS EMPLOYMENT DECISIONS REGARDING US CITIZENS RENDERED BY THE SWISS SUBSIDIARY REGARDLESS OF THE FOUR "FACTORS" IN 29 U.S.C. § 623(h)(3)

Reader's Digest argues that notwithstanding the plain language of the 1984 amendment to the ADEA that extended the definition of employees covered by the Act to include "any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country" (29 U.S.C. § 630(f)), Reader's Digest Swiss subsidiary may discriminate on the basis of age if its operations are not "interrelated" or if there is no "common management" or "centralized control of labor relations." It points to the language of 29 U.S.C. § 623(h)(3) which, in the same 1984 legislation, enumerated four factors that determine "whether an employer controls a corporation."

This is a misreading of Section 623(h). That statute relates to a "foreign employer operating in the United States." See Lindemann & Kadue, Age Discrimination in Employment Law, p. 63 (Bureau of National Affairs 2003). Section 623(h) established a "four-factor test" to be used in deciding whether a "foreign person" *in the United States* is or is not "controlled by an American employer" within the meaning of Section 623(h)(2). The four factors determine

2

whether or not the alleged American "controller" and the foreign company that it allegedly controls are an "integrated enterprise" for purpose of ADEA liability. See Lindemann & Kadue, Age Discrimination in Employment Law pp. 63-64 (Bureau of National Affairs 2003).

Section 623(h) is not applicable to the foreign locations and workplaces of the subsidiaries of American corporations. By the terms of the concluding sentence of Section 630(f), the employees at those locations who are United States citizens are as fully protected as they would be if the site of their employment were within the territorial boundaries of the United States.

The cases cited in the Reader's Digest Reply Memorandum are not to the contrary. Neither *Denty v. Smith Kline Beecham Corp.*, 907 F. Supp. 879 (E.D. Pa. 1995), nor *Johnson v. Aramco Servs. Co.*, 134 Fed. Appx. 666 (5th Cir. 2005), concerns foreign subsidiaries of United States corporations. Employees of such subsidiaries are protected by the ADEA because of the language added to Section 630(f) by the 1984 amendments.

## II.

### IN ANY EVENT, THIS COURT MAY EVALUATE THESE "FACTORS" WITHOUT TRANSFERRING THE CASE

Reader's Digest does not seriously challenge our assertion that the principal witnesses on the merits of the plaintiff's claim will have to travel to the United States from Europe and that the bulk of documentary proof will come from Europe. Its argument that the Court's decision on a "threshold issue" justifies transfer is patently unsound.

The "threshold issue" is, for the reasons we have stated above, not a valid legal issue. But even if it were, it is likely to be decided on affidavits or on the basis of a few documents. The factual basis for the Court's decision will not require much time of New York witnesses or much

documentation from New York. It would, therefore, ascribe much greater importance to the fact-finding needed to decide this "threshold issue" than the issue warrants to use it as a basis for transferring the entire case to New York.

## CONCLUSION

For the reasons stated in the plaintiff's Memorandum in Opposition and in this Supplemental Memorandum, the Motion To Transfer Venue should be denied.

Dated: October 24, 2005

Respectfully submitted,

NATHAN LEWIN (D.C. Bar No. 38299)
ALYZA D. LEWIN (D.C. Bar No. 445506)
**LEWIN & LEWIN, LLP**
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000
(202) 828-0909 fax

*Attorneys for Plaintiff*

4