UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dov Levine, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action: 1:05-cv-01163 (RMC) |
| The Reader's Digest Association, Inc., | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO TRANSFER VENUE

PROSKAUER ROSE LLP

Howard L. Ganz (Admitted *Pro hac vice*)
Avitai Gold (Admitted *Pro hac vice*)
1585 Broadway
New York, New York 10036
(212) 969-3035

*Of Counsel:*
Stephanie L. Marn (D.C. Bar No. 467873)
1233 Twentieth Street, NW, Suite 800
Washington, DC 20036
Telephone: (202) 416-6800

Attorneys for Defendant

## **PRELIMINARY STATEMENT**

As is true of his initial answering papers, plaintiff's supplemental memorandum fails to assert (much less show) *any* connection between the claims he alleges and the District of Columbia. That failure, coupled with plaintiff's acknowledgment that relevant witnesses and documents are located in New York – and not at all in this District – is, we submit, sufficient to warrant this Court's granting of defendant's motion to transfer venue.

In his supplemental memorandum, plaintiff advances two arguments. First, plaintiff, who was employed for over 30 years in Switzerland by Das Beste aus Reader's Digest A.G. ("Das Beste"), a corporation whose place of incorporation is a foreign country, asserts that he may pursue a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA") against The Reader's Digest Association, Inc. ("RDA"), the American parent of Das Beste, without demonstrating that Das Beste is "controlled" by RDA in the manner contemplated by 29 U.S.C. § 623(h)(3). Second, plaintiff contends that even if the control factors set forth in the governing statute do apply, and even if there is not a single witness or document located in this District that is relevant to the "control" issue (or, indeed, any other issue in this litigation), this action should not be transferred to the District (the Southern District of New York) where such witnesses and documents are located and where RDA maintains its principal place of business.

For the reasons set forth below, plaintiff is, we respectfully submit, wrong on both counts.

## ARGUMENT

A. **In Order For Plaintiff To Proceed Against RDA With His Claims Under The ADEA, He Must Demonstrate That RDA Controlled Das Beste Aus Reader's Digest A.G. Within The Meaning Of 29 U.S.C. § 623(h)(3).**

Relying upon 29 U.S.C. § 630(f), which defines "employee" so as to include "any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country," plaintiff argues that he may proceed with his ADEA claim against RDA without satisfying the "control" test set forth in 29 U.S.C. § 623(h)(3) – because, so plaintiff contends, that test applies only when an ADEA claim is asserted against a foreign employer operating in the United States. The argument is undermined by the legislative history of the Older Americans Act Amendments of 1984 ("OAAA"), which added *both* Sections 623(h) and 630(f) to the ADEA. Moreover, plaintiff's proposed construction of these amendments would not only render Section 623(h) entirely meaningless, but would expand the extraterritorial application of the ADEA in the most unimaginable way.[1]

As for the legislative history, both the Senate Report and House Conference Report leave no doubt that, by expanding the definition of "employee" to include U.S. citizens "employed by an employer in a workplace in a foreign country," Congress intended to extend ADEA coverage only to *American* employers with foreign *workplaces*. Indeed, the Senate Report issued in connection with the OAAA stated that the new ADEA protections applied to U.S. citizens "employed by an *American* employer in a workplace outside the United States." S. Rep. 98-467,

---

[1] Indeed, if one looks beyond plaintiff's selective excerpting and use of quotations, it is apparent the authority he cites for the proposition that 29 U.S.C. § 623(h)(3) only applies to a "foreign employer operating in the United States" does not support his argument. See Plaintiff's Supplemental Memorandum of law at 2-3. Indeed, that authority itself cites *Denty v. SmithKline Beecham Corp.*, 907 F. Supp. 879 (E.D. Pa. 1995), a case in which a U.S. citizen, employed outside the U.S. by a foreign corporation, was precluded from suing the American employer precisely because the American employer did not exercise the requisite degree of control over the foreign corporation. See Lindemann & Kadue, Age Discrimination in Employment Law, ch. 4 at 64 (BNA 2003).

2

at 27 (1984) (emphasis added). *See also* H.R. Conf. Rep. 98-1037, at 49 (1984) (new OAAA protections applicable to any "individual who is a citizen of the United States employed by a *United States* employer in a workplace in a foreign country.") (Emphasis added.)[2]  In this case, plaintiff was not employed by an American employer with a workplace abroad; he was employed in a foreign country by a foreign corporation.

If, as plaintiff suggests, "employer" in the last sentence of Section 630(f) means any employer – whether American or otherwise – that construction would sweep within the ADEA's reach the employment circumstances of a United States citizen who worked abroad for a foreign corporation that had absolutely no connection to any American entity. Indeed, the adoption of plaintiff's suggested interpretation would bring about a rather bizarre result. It would mean that a U.S. citizen working in the United States for a foreign corporation would be required to satisfy the "control" test set forth in Section 623(h), while a U.S. citizen working for a foreign corporation outside the United States would not bear such a burden. In other words, plaintiff's construction of the statute would make it easier for U.S. citizens employed by foreign corporations to pursue an ADEA claim based on conduct occurring outside the U.S. than within its borders.

Here, plaintiff is a former employee of Das Beste – a foreign entity incorporated in Switzerland – and in order for a court to properly retain subject matter jurisdiction over his ADEA claims, he must prove that RDA – an entity incorporated in the U.S. – exercised the requisite degree of control over its Swiss subsidiary.[3]

---

[2]  Plaintiff's claim is further belied by a legal periodical that focuses on elder law issues. *See* Elder Law Journal, 6 Elder L.J. 323, 354-55 (1998) (The assertion of an ADEA claim for "[a]ge discrimination plaintiffs working abroad for an American employer…. involves proving that the American parent corporation sufficiently controls the foreign subsidiary for which the plaintiff works.")

[3]  *See* Supplemental Declaration of Michael A. Brizel, ¶¶ 2-3. Further, by purporting to assert a tortious interference claim against RDA, plaintiff acknowledges that RDA and Das Beste are separate entities,

3

**B.    No Documents, Witnesses, Or Purported Conduct Even Remotely Relevant To The Threshold ADEA Control Issue (Or Any Other Issue) Are Located In This District.**

Both RDA and plaintiff agree that some of the witnesses and documents relevant to the ADEA "control" issue reside in New York. And, of course, plaintiff's tortious interference claim is predicated on conduct allegedly engaged in by RDA employees in New York. On the other side of the ledger, plaintiff has not identified *one* witness, *one* document, or *any* other source of proof that is located in this District with respect to those issues, or, indeed, with respect to any other issue relating to the claims plaintiff purports to assert. Accordingly, we respectfully submit that for the convenience of the parties and witnesses and in the interest of justice, this case should be transferred to the Southern District of New York.

## CONCLUSION

For the reasons set forth above and in RDA's moving and reply memoranda of law, this proceeding should be transferred to the United States District Court for the Southern District of New York.

Dated: November 2, 2005

Respectfully submitted,

                          PROSKAUER ROSE LLP

                          By: **/s/ Howard L. Ganz**
                          Howard L. Ganz (Admitted *Pro hac vice*)
                          Avitai Gold (Admitted *Pro hac vice*)
                          1585 Broadway
                          New York, New York 10036
                          (212) 969-3035

                          *Of Counsel:*

---

because a parent corporation cannot – as a matter of law – tortiously interfere with a contract to which its subsidiary is a party. *See, e.g., Multi-Juice, S.A. v. Snapple Beverage Corp.*, No. 02 Civ. 4635, 2003 WL 1961636, at *5 (S.D.N.Y. Apr. 25, 2003) (holding that parent corporation could not tortiously interfere with a distribution agreement to which its wholly-owned subsidiary was a party).

          Stephanie L. Marn (D.C. Bar No. 467873)
          1233 Twentieth Street, NW, Suite 800
          Washington, DC 20036
          Telephone: (202) 416-6800

          Attorneys for Defendant