UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOV LEVINE<br><br>*Plaintiff,*<br><br>v.<br><br>THE READER'S DIGEST ASSOCIATION, INC.<br><br>*Defendant.* | Civil Action: 05-cv-01163 (RMC) |

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO ALTER
OR AMEND THE JUDGMENT

On December 12, 2005, this Court issued an Order on Motion To Transfer Venue granting the defendant's motion to transfer the case to the Southern District of New York. The Court recognized that the plaintiff's undersigned counsel would be inconvenienced by transfer of the case to New York, but observed that the inconvenience is reduced because plaintiff's counsel is a member of the Bar of the Southern District of New York and teaches in the Spring Semester at Columbia Law School in New York City.

On the day after this Court issued its opinion, defendant's counsel asked the Clerk for the Southern District of New York to assign the case to White Plains. Exhibit 1. White Plains is not convenient to New York City, where Columbia Law School is located and where plaintiff's counsel travels when coming to New York from Washington, D.C. White Plains has its own

airport, and travel to White Plains from New York City must be made by train from Grand Central Station.

Indeed, appearing in court at White Plains would even appear to be inconvenient for defendant's counsel, whose office is at 1585 Broadway in New York City. It is plain, we submit, that the purpose of requesting White Plains as the site of any court proceeding is to harass plaintiff's counsel and make proceedings in this case as difficult as possible for him.

The defendant's almost immediate request to assign the case to White Plains discloses that the true motive of the Motion To Transfer Venue was not to make trial of the case truly more convenient for the defendant; it was designed principally to make proceedings as inconvenient and difficult as possible for the plaintiff. Consequently, we respectfully suggest that the filing of the request with the Clerk of the Southern District is grounds for reconsideration of the Court's decision to grant the motion.

Alternatively, this Court has the authority under 28 U.S.C. § 1404(a) to condition the transfer of the case "upon appropriate safeguards in the interests of justice." *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1048 (3d Cir. 1973); see *Blume v. Sodexho, Inc.*, 2002 WL 1941485 (S.D.N.Y. 2002); *Jeter v. Consolidated Rail Corp.*, 1998 U.S. Dist. LEXIS 5090 (E.D. Pa. 1998). In order to avoid the very serious injustice that would result if this case were assigned to White Plains, this Court should amend its judgment to impose the condition that the defendant withdraw its request that the case be assigned to White Plains and consent to assignment of the case to New York City.

Dated: December 27, 2005						Respectfully submitted,

_____/s/_____
NATHAN LEWIN (D.C. Bar No. 38299)
ALYZA D. LEWIN (D.C. Bar No. 445506)
**LEWIN & LEWIN, LLP**
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000

*Attorneys for Plaintiff*