UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Dov Levine,<br><br>              Plaintiff,<br><br>v.<br><br>The Reader's Digest Association, Inc.,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action: 1:05-cv-01163 (RMC)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

On behalf of defendant The Reader's Digest Association, Inc. ("RDA"), we submit this memorandum in opposition to plaintiff's motion to alter or amend this Court's December 12, 2005 Order on Motion to Transfer Venue (which plaintiff mistakenly characterizes as a "judgment"), granting RDA's motion to transfer this action to the Southern District of New York.

Contrary to plaintiff's speculation concerning RDA's motives for requesting that this action be designated for assignment to White Plains (in the County of Westchester), New York, the plain and simple facts are (i) that RDA's headquarters are located in Pleasantville/Town of New Castle, New York, also in Westchester County; (ii) that, as this Court noted in its December 12, 2005 Order (at pp. 5-6), at least some RDA witnesses and some of the relevant documents are located at RDA headquarters; and, accordingly, (iii) that White Plains would clearly serve the convenience of a party, RDA, and the witnesses.[1]  On this basis alone, we respectfully submit, plaintiff's motion should be denied.

---

[1] We note, as well, that (according to the *Official Airline Guide*) there are direct flights between Washington, D.C., and Westchester County Airport, which is located in White Plains, N.Y.

Plaintiff's motion should be denied for two additional reasons.

First, plaintiff cannot properly invoke Rule 59(e) of the Federal Rules of Civil Procedure as the basis for the relief he seeks. Rule 59(e) provides for motions to alter or amend a "judgment," and Rule 54(a) defines a "judgment" as "a decree and any order from which an appeal lies." This Court's December 12, 2005 Order does not, however, constitute a "judgment" because "[t]ransfer orders under 28 U.S.C. § 1404(a) are not final appealable orders, 'nor, generally speaking, reviewable collateral orders.'" *McSheffrey v. Hawk-Sawyer*, No. 02-5196, 2003 WL 179850, at *1 (D.C. Cir. Jan. 24, 2003) (denying review of § 1404(a) transfer order), *quoting Hill v. Henderson*, 195 F.3d 671, 676 (D.C. Cir. 1999).

Second, even assuming that plaintiff's motion was properly brought under Rule 59(e), the motion should be denied because it was not filed on a timely basis. Under Rule 59(e), a motion to alter or amend a judgment must be filed "no later than 10 days after entry of the judgment." Here, the supposed "judgment" plaintiff seeks to alter or amend was entered on December 12, 2005, and plaintiff's motion was not filed until December 27, 2005.

Finally, the cases cited by plaintiff (none of which were decided by a court in this Circuit) do not support his request for relief.[2] We do not dispute the proposition that the courts have discretion to impose conditions when transferring cases under Section 1404(a), but plaintiff cites no case in which transfer was conditioned on the litigation being assigned to a specific division within a judicial district and no case in which the transferor court, having already ordered transfer, retroactively imposed a condition on that transfer.

---

[2] Plaintiff cites *Solomon v. Continental American Life Insurance Co.*, 472 F.2d 1043 (3d Cir. 1973); *Blume v. Sodexho, Inc.*, No. 02 Civ. 6097, 2002 WL 1941485 (S.D.N.Y. Aug. 21, 2002); and *Jeter v. Consolidated Rail Corp.*, No. Civ. A. 98-1076, 1998 WL 175884 (E.D. Pa. Apr. 13, 1998).

For the reasons stated above, plaintiff's motion should be denied.

Dated: January 4, 2006

Respectfully submitted,

PROSKAUER ROSE LLP

Howard L. Ganz (Admitted *Pro hac vice*)
Avitai Gold (Admitted *Pro hac vice*)
1585 Broadway
New York, New York 10036
(212) 969-3035

*Of Counsel:*
Stephanie L. Marn (D.C. Bar No. 467873)
1233 Twentieth Street, NW, Suite 800
Washington, DC  20036
Telephone:  (202) 416-6800

Attorneys for Defendant