UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOV LEVINE )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>THE READER'S DIGEST ASSOCIATION, INC. )<br>)<br>*Defendant.* )<br>) | Civil Action: 05-cv-01163 (RMC) |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER OR AMEND THE JUDGMENT**

Defendant cannot deny that locating this proceeding in Westchester County, at a courthouse that is approximately 30 miles from New York City and that can be reached by train from New York City only with a ride that takes between 30 and 50 minutes from Grand Central Station would be exceedingly inconvenient for plaintiff's counsel, who travels occasionally to New York City to teach at Columbia Law School. The fact that Westchester County has an airport to which one can fly from Washington, DC, at a one-way cost of $249 in a flight that takes 45 minutes to an hour does not ameliorate this difficulty. Nor can counsel deny that the defendant's lawyer has his office in New York City, so that travel to the White Plains courthouse is also inconvenient for him.

Defendant does not claim that the defense witnesses reside in White Plains or in Westchester County, only that the defendant's office is in Westchester County. Hence there is no reason to believe that whatever witnesses defendant intends to call would be convenienced by the White Plains location. Depositions would, presumably, take place in the office of defendant's counsel in New York City. Production of documents would presumably be located there as well, regardless of where the defendant's home office is located. The incontrovertible fact is that White Plains has been chosen by the defendant to make life as difficult as possible for a plaintiff who does not have substantial funds to fight a multi-billion-dollar mega-corporation with offices all over the world.

Defendant's argument that no motion under Rule 59 may be filed when a District Court enters an order under 28 U.S.C. § 1404(a) transferring a case proves too much. Whether or not such an order is an appealable judgment, it is surely an order that may be subject to reconsideration or amendment pursuant to a timely motion. If the defendant is correct, such an order, once entered, could never be amended or corrected.

Finally, contrary to defendant's assertion, plaintiff's motion was filed on a timely basis. Rule 6 of the Federal Rules of Civil Procedure states that "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." The Order plaintiff seeks to amend was entered on December 12, 2005. The following dates after December 12 are Saturdays, Sundays and the Christmas Day legal holiday: December 17, 18, 24, 25, and 26. (Christmas was observed on December 26, 2005.) When these dates are excluded, ten days from the entry of the December 12 judgment extended up to and including December 27, 2005. Plaintiff's motion was, therefore, filed in a timely fashion on December 27, 2005.

For the foregoing reasons, plaintiff's motion should be granted.

Dated: January 6, 2005                                  Respectfully submitted,

                                                        _____/s/_____
                                                        NATHAN LEWIN (D.C. Bar No. 38299)
                                                        ALYZA D. LEWIN (D.C. Bar No. 445506)
                                                        **LEWIN & LEWIN, LLP**
                                                        1828 L Street, N.W., Suite 901
                                                        Washington, D.C. 20036
                                                        (202) 828-1000

                                                        *Attorneys for Plaintiff*